```
                                              FILED

                                         2014 JAN 16 PM 3:22

                                         CLERK U.S. DISTRICT COURT
                                         CENTRAL DIST. OF CALIF.
                                              RIVERSIDE
                                         BY:___X_____
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIJA BAUER, et al.,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>JHONATAN LARIOS, et al.,<br><br>　　　　Defendants. | Case No. CV 13-9521-UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING<br>IMPROPERLY-REMOVED ACTION |

　　　The Court will remand this unlawful detainer action to state court summarily because defendant removed it improperly.

　　　On December 27, 2013, defendant Jhonatan Larios, having been sued in what appears to be a routine unlawful detainer action in California Superior Court, lodged a Notice of Removal of that action to this Court, and also presented an application to proceed in forma pauperis. The Court has denied the latter application under separate cover because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

　　　Simply stated, plaintiff could not have brought this action in federal court in the first place, in that defendant does not competently allege facts supplying either

diversity or federal question jurisdiction, and therefore removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005). Here, defendant has asserted federal question jurisdiction as his basis for removal. But as described in more detail in the Order Denying Defendant's Request to Proceed Without Prepayment of Filing Fee, because the unlawful detainer action to be removed does not actually raise the federal claim to which defendant points, there is no basis to assert federal question jurisdiction. *See* 28 U.S.C. §§ 1331, 1441.

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Long Beach/South District, 275 Magnolia Avenue, Long Beach, CA 90802, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

DATED: 1/12/14

HONORABLE GEORGE H. KING
CHIEF UNITED STATES DISTRICT JUDGE